UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GILBERTO JOSE SOTELO AYALA,
Petitioner,

v.

CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 26-cv-5055-RSH-KSC

**ORDER DENYING PETITION FOR HABEAS CORPUS**

On September 7, 2026, petitioner Gilberto Jose Sotelo Ayala filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

### A. Factual Background

Petitioner is a Mexican national who purportedly first entered the United States in 1991. ECF No. 1 at ¶ 14; 35. On March 2, 1998, an immigration judge ordered Petitioner removed to Mexico and the record reflects an appeal of that order was waived. ECF No. 4-1 at 2. Petitioner was removed to Mexico on May 29, 1999 and subsequently reentered and was removed from the United States on multiple occasions. ECF No. 4-1 at 11–16.

///

On February 1, 2022, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 4-1 at 22. He was released on the same day subject to an order of supervision. ECF No. 1 at 45.

On December 3, 2025, ICE took Petitioner into custody again where he was provided with a Notice of Revocation of Release stating that his order of supervision had been revoked pursuant to 8 C.F.R. § 241.13 based on a determination that he could be "expeditiously removed from the United States pursuant to" the outstanding order of removal against him. ECF No. 4-1 at 26; 29–30. An interview record states that Petitioner was interviewed that day and expressed concerns about hardship to his family and fear of returning to Mexico. *Id.* at 32. On December 4, 2025, the Department of Homeland Security ("DHS") issued a Notice of Intent/Decision to Reinstate Prior Order, with a signed decision reinstating Petitioner's prior removal order. *Id.* at 25.[1]

On January 16, 2026, an immigration judge found that Petitioner had not established either a nexus to a protected ground or a reasonable possibility that the Mexican government would torture him or consent to or acquiesce in his torture. *Id.* at 34. On January 17, 2026, Petitioner filed a petition for review of this decision and a motion to stay removal in the Ninth Circuit. ECF No. 1 at 64. The record indicates a temporary stay of removal is in effect until further order of the Court of Appeals. *Id.*

**B. Procedural Background**

On January 4, 2026, Petitioner sought habeas relief in this District *See Sotelo Ayala v. LaRose et al*, No. 3:26-cv-00025-RSH-KSC (S.D. Cal.) ("the Prior Action"). In the Prior Action, Petitioner contended that rather than being subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), he was entitled to a bond hearing under 8 U.S.C. § 1226(a). No. 3:26-cv-00025-RSH-KSC, ECF No. 1 at ¶ 98. On January 20, 2026, Respondents filed a

---

[1] As relevant to the present petition, the record also contains a Notice of Intent/Decision to Reinstate Prior Order dated January 27, 2022. ECF No.1 at 44. The decision portion of the copy submitted by Petitioner, however, is incomplete. *Id.*

return acknowledging that, in light of developments in a case pending at the time in the U.S. District Court for the Central District of California, Petitioner was "detained under 8 U.S.C. § 1226(a) and [was] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 5 at 1–2. The Court subsequently granted the petition on January 20, 2026 and directed the government "to arrange a bond hearing for petitioner Jose Gilberto Sotelo Ayala before an immigration court pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this order." ECF No. 6 at 2.

On January 26, 2026, immigration judge held the ordered bond hearing and denied bond. ECF No. 4-1 at 36. Although Petitioner reserved his right to appeal, he did not appeal the decision to the Board of Immigration Appeals ("BIA"). ECF Nos. 4 at 3; 5 at 2. Petitioner filed the instant § 2241 petition on September 7, 2026. *See* ECF No. 1. Respondents filed a return on September 15, 2026, and Petitioner filed a traverse on September 18, 2026. ECF Nos. 4, 5.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In the instant Petition, Petitioner argues that: (1) the January 26, 2026 bond hearing failed to satisfy the Court's January 20, 2026 order in the Prior Action; (2) Respondents unlawfully revoked his supervised release despite his compliance with its conditions and without adequate notice or a meaningful opportunity to be heard; and (3) his prolonged detention violates 8 U.S.C. § 1231, as construed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 ¶¶ 64–103; ECF No. 5 at 1–11. The Court addresses these arguments, in turn, below.

///

**A. Detention Under § 1226 or § 1231**

At the outset, the Court considers whether Petitioner's present detention is governed by 8 U.S.C. § 1226(a) or § 1231(a).

"Section 1226(a)'s detention authority applies 'pending a decision on whether the alien is to be removed from the United States.'" *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830 (9th Cir. 2018) (quoting 8 U.S.C. § 1226(a)). "By contrast, section 1231(a) applies during an alien's 'removal period,' which begins on the latest of three dates: (1) '[t]he date the order of removal becomes administratively final'; (2) '[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order'; or (3) '[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.'" *Id.* (quoting 8 U.S.C.§ 1231(a)(1)(B)(i)—(iii)). "[A] removal order becomes final 'upon the earlier of . . . a determination by the Board . . . affirming such order . . . or the expiration of the period in which the alien is permitted to seek review of such order by the Board.'" *Id.* at 831 (quoting 8 U.S.C. § 1101(a)(47)(B)(i)–(ii)).

Here, an immigration judge ordered Petitioner removed to Mexico on March 2, 1998, and Petitioner waived appeal of this order. The removal order therefore "became administratively final by operation of regulation." *Pardeep v. Santacruz*, No. 2:26-cv-04624-DFM, 2026 U.S. Dist. LEXIS 109892, at *5 (C.D. Cal. May 15, 2026); *see* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (b) Upon waiver of appeal by the respondent[.]").

Petitioner nevertheless advances two grounds for concluding that his detention is governed by § 1226(a) rather than § 1231(a). First, Petitioner contends that Respondents exercised their discretion to forgo reinstatement of his removal order in 2022. ECF No. 1 ¶¶ 29, 56, 63. Second, Petitioner argues that Respondents are bound by their representation in the Prior Action that § 1226(a) governs his detention. ECF No. 5 at 7–8.

///

With respect to this first argument, Petitioner contends that following his removal and subsequent unauthorized reentry in 2022, Respondents declined to reinstate his order of removal. ECF No. 1 ¶¶ 27–29. In support, Petitioner submits a Notice of Intent/Decision to Reinstate Prior Order, dated January 27, 2022, the decision portion of which is incomplete. *Id.* at 44. The record now before the Court, however, includes a separate and later Notice of Intent/Decision to Reinstate Prior Order, dated December 4, 2025, that contains a signed reinstatement decision. ECF No. 4-1 at 25. Even assuming Respondents declined reinstatement in 2022, Petitioner does not explain why that earlier decision, without more, precluded the reinstatement of his removal order in December 2025.[2]

Petitioner next argues that Respondents are bound by their representation in the Prior Action that § 1226(a) governs his detention. ECF No. 5 at 7–8. Although Respondents' present position differs from their position in the Prior Action, neither Parties' briefing in that action included the completed December 4, 2025 Notice of Intent/Decision to Reinstate Prior Order. Indeed, Petitioner's own Traverse concedes that Respondents invoked § 1231 when they re-detained him. ECF No. 5 at 3. Petitioner's general invocation of "judicial estoppel" and "basic rules of good faith and fair play" does not establish that Respondents' earlier position, taken on a different record, forecloses the Court from considering the proper statutory basis for Petitioner's present detention.

For these reasons, based on the record before it, the Court concludes that Petitioner's present detention is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (holding that § 1231, rather than § 1226, governs detention of noncitizens "who were removed from the United States but later reentered without authorization, were

---

[2] Upon reinstatement, the removal order retained its administrative finality. *See Padilla-Ramirez*, 882 F.3d at 831 ("[A] removal order undoubtedly is administratively final when it first is executed; if it is reinstated from its original date, it stands to reason that it retains the same administrative finality because section 1231(a)(5) proscribes any challenge that might affect the status of the underlying removal order.").

subject to reinstated orders of removal, and then sought withholding of removal based on fear of persecution in the particular countries designated by their removal orders.”).

**B. Prudential Exhaustion**

Petitioner next contends that the January 26, 2026 bond hearing failed to comply with the Court’s January 20, 2026 order in the Prior Action. ECF No. 1 ¶¶ 65–67. Because Petitioner’s present detention is governed by § 1231(a), however, his challenge to the adequacy of that earlier hearing is moot insofar as he seeks further relief under § 1226(a). *See Wang v. LaRose*, No. 26-cv-1133-JES-BJW, 2026 WL 788171, at *2 (S.D. Cal. Mar. 20, 2026) (concluding that challenges to the validity of detention under § 1226 were no longer properly before the court because detention was governed by § 1231); *Baires v. Lynch*, No. C 15-03635 RS (PR), 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) (“A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231.”) (collecting cases). Accordingly, the Court does not reach the adequacy of the January 26, 2026 bond hearing or the Parties’ arguments concerning exhaustion of an administrative appeal from that hearing.

**C. Revocation**

Petitioner separately argues that Respondents revoked his supervised release without adequate notice or a meaningful opportunity to be heard. ECF No. 5 at 8. Specifically, Petitioner’s Traverse asserts that Respondents have “produced no record such as a notice of intent to revoke release, a finding of violation, or support for the sudden change in position as to reinstatement.” *Id.*

Respondents, however, have submitted a written notice expressly invoking 8 C.F.R. § 241.13, identifying “changed circumstances” as the basis for revocation, and explaining that ICE had determined Petitioner could be “expeditiously removed from the United States” pursuant to his outstanding removal order. ECF No. 4-1 at 29. The accompanying proof of service states that the notice was personally served on Petitioner on December 3, 2025, and notes that he declined to sign without a lawyer present. *Id.* at 30. Respondents also submit an officer’s signed interview record stating that Petitioner was interviewed that

day concerning the reasons for revocation and expressed concerns about hardship to his family and fear of returning to Mexico. *Id.* at 32. Although the Traverse characterizes the interview as "alleged but unproven," it does not specifically address the officer's signed record. ECF No. 5 at 8.

Accordingly, to the extent Petitioner asserts that he received no notice of the reasons for revocation or opportunity to respond, Respondents' documentary evidence contradicts that assertion.[3][4]

**D. *Zadvydas***

Under 8 U.S.C. § 1231(a), the Attorney General "shall detain" a noncitizen during the 90-day removal period. *See* 8 U.S.C. §§ 1231. After that removal period, the framework established by the Supreme Court in *Zadvydas* applies. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court held that after a six-month

---

[3] Petitioner states that the proceedings required following Respondents' alleged decision to forgo reinstatement in 2022 are at issue in his pending petition for review before the Ninth Circuit. ECF No. 5 at 8 n.2. That question is distinct from his contention here that Respondents revoked his supervised release without adequate notice or a meaningful opportunity to be heard.

[4] Petitioner also identifies as an issue "whether 8 C.F.R. § 241.4(l)(2) exceeds" the "statutory authority" conferred by "§ 1231(a)(3)." ECF No. 5 at 3. Specifically, Petitioner characterizes § 241.4(l)(2) as permitting revocation "at the whim of deportation officers" regardless of compliance with release conditions. ECF No. 1 ¶ 74. That characterization, however, overlooks the procedural constraints accompanying the exercise of revocation authority. 8 CFR 241.4 (l)(1). Moreover, § 241.13(i)(2), which Respondents invoked in revoking Petitioner's release, does not confer unfettered discretion to return a noncitizen to custody. Rather, it permits revocation only where, "on account of changed circumstances," DHS determines that "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

"presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, Petitioner filed a petition for review and a motion to stay removal in the Ninth Circuit on January 17, 2026. ECF No. 1 at 64. The appellate docket reflects that a temporary stay of removal was in effect as of January 20, 2026, and Respondents acknowledge that the stay remained in effect when they filed their Return. *Id.*; ECF No. 4 at 3. The Parties disagree, however, about the significance of the pending appellate proceedings and associated stay under *Zadvydas*. Respondents argue that Petitioner is not entitled to relief because the delay in his removal is attributable to the stay he sought in the Ninth Circuit. ECF No. 4 at 8–9. Petitioner responds that his pending petition for review challenges the validity of the reinstatement proceedings and that this challenge, together with the judicial stay, establishes that removal is not reasonably foreseeable. ECF No. 5 at 9.

Assuming that the presumptively reasonable six-month period has elapsed and *Zadvydas* governs, Petitioner has not identified an impediment to removal, apart from the pending judicial proceedings and associated stay. Although the stay presently prevents execution of the removal order, it does not, by itself, establish that Petitioner's removal is not reasonably foreseeable under *Zadvydas*. *See Ramirez v. Acting Warden of the Adelanto Det. Ctr.*, No. EDCV 26-4806-AS, 2026 WL 2677300, at *3 (C.D. Cal. Sept. 9, 2026) ("Here, the only apparent obstacle to Petitioner's removal is his pending Ninth Circuit appeal, and particularly the Ninth Circuit's administrative stay, which is unlikely to postpone his removal beyond the reasonably foreseeable future."); *Lagunas v. Facility Adm'r, Adelanto ICE Processing Ctr.*, No. 5:26-CV-00507-MCS-KES, 2026 WL 2041445, at *2 (C.D. Cal. July 14, 2026) ("Several courts confronted with the same issue have concluded that a stay of removal pending judicial review cannot alone satisfy a petitioner's burden under *Zadvydas*.") (collecting cases); *Paez v. Scott*, No. 2:26-CV-01144-LK, 2026 WL 1396111, at *3 (W.D. Wash. May 19, 2026) ("All federal appellate

courts that have considered the issue have concluded that relief under *Zadvydas* is unavailable where delay in removal is caused by ongoing litigation.") (collecting cases); *Deagueros Mota v. Blanche*, No. 3:26-CV-01254-RBM-MSB, 2026 WL 972850, at *4 (S.D. Cal. Apr. 10, 2026) (holding that pending appeal of reinstatement of removal order does not render removal unforeseeable under *Zadvydas*); *Hurtado-Romero v. Sessions*, No. 18-CV-01685-EMC, 2018 WL 2234500, at *4 (N.D. Cal. May 16, 2018) (holding petitioner not entitled to relief under *Zadvydas* where the "sole obstacle to removal appears to be [petitioner's] pending appeal of the adverse withholding decision.").

**IV. CONCLUSION**

For the foregoing reasons, the amended petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge